UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

QUAINTANCE C.,                                          Case No. 18-CV-0419 (PJS/SER)

           Plaintiff,

v.                                                                              ORDER

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

           Defendant.

      David F. Chermol, CHERMOL & FISHMAN LLC; Edward C. Olson, for plaintiff.

      Linda H. Green, SOCIAL SECURITY ADMINISTRATION, for defendant.

After the Acting Commissioner of Social Security (the "Commissioner") denied plaintiff Quaintance C.'s application for disability benefits and supplemental security income, Quaintance brought this action asking the Court to either (1) reverse the Commissioner's decision and award Quaintance the disability benefits that she seeks or (2) remand her case to the Commissioner for another hearing. The parties filed cross-motions for summary judgment. In an R&R dated January 9, 2019, Magistrate Judge Steven E. Rau recommended denying Quaintance's motion and granting the Commissioner's. ECF No. 19.

This matter is before the Court on Quaintance's objection to the R&R. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Based on that review, the Court agrees with Judge Rau that the Commissioner's decision was supported by substantial evidence and therefore overrules Quaintance's objection and adopts the R&R.

The Commissioner denied Quaintance's claim for disability benefits, AR at 1, 7, 22, and Quaintance sought administrative review. After "careful consideration," the administrative law judge ("ALJ") found that Quaintance could "perform a full range of work at all exertional levels" subject to several nonexertional limitations. AR at 16.[1] During the administrative proceedings, the ALJ asked a vocational expert whether there were jobs in the national economy that an individual with Quaintance's residual functional capacity could perform. *See* AR at 21, 58-59. The vocational expert answered that such an individual could work as a cleaner doing housekeeping chores, a position with roughly 800,000 jobs nationally and 25,000 jobs in Minnesota. AR at 59. Based on this testimony, the ALJ ruled that Quaintance was not disabled because she could "make[] a successful adjustment to other work that exists in significant numbers in the national economy." AR at 22.

---

[1] Quaintance does not contest this determination. Her nonexertional limitations include being restricted to "routine, repetitive, unskilled work activity; work in a slow pace situation, that would not be able to work in a rapid, production setting; limited to brief, infrequent, and superficial contact with supervisors, coworkers, and the public." AR at 16.

The R&R concluded that there was substantial evidence to justify the ALJ's denial of disability benefits. Quaintance objects to the R&R on two grounds:

First, Quaintance argues that the Commissioner failed to meet her burden at step five because she did not demonstrate that Quaintance could perform other work in the national economy. Quaintance's argument is a little slippery, but it seems to be as follows: The only job identified by the ALJ that Quaintance could perform is cleaning. Cleaning is light work. Thus, the ALJ was admitting that Quaintance is only capable of doing light work. Under Rule 202.02, however, individuals of her advanced age with the same education and previous work experience who are restricted to light work must be deemed disabled.

The flaw in Quaintance's argument is that Rule 202.02 does not apply to her. Rule 202.02 applies only to individuals who have been *restricted to light work* as a result of a severe medically determinable impairment. But Quaintance has not been restricted to light work; to the contrary, the ALJ explicitly determined that Quaintance could work at all exertional levels (ranging from sedentary work to very heavy work) subject to her nonexertional limitations. *See* AR at 16, 21. The fact that the only job identified by the vocational expert was cleaning—and cleaning is light work—does not mean that Quaintance has been *restricted* to light work.² Judge Rau thus properly concluded that

---

²Quaintance appears to argue that, once a claimant with her education and
(continued...)

Rule 202.02 did not apply to Quaintance, and the vocational expert's testimony that Quaintance could work as a cleaner provided substantial evidence for denying benefits. *See* 20 C.F.R. § 404, Subpt. P, App'x. 2, § 204.00 ("[A]n impairment which does not preclude heavy work (or very heavy work) . . . generally is sufficient for a finding of not disabled, even though age, education, and skill level of prior work experience may be considered adverse.").

Second, Quaintance argues that the ALJ posed a fatally flawed hypothetical question to the vocational expert. "If a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or is otherwise inadequate, a

---

²(...continued)
previous work experience reaches advanced age, agency regulations categorically forbid her from being required to perform light work. *See* ECF No. 18 at 3 (arguing that Quaintance would be "precluded from performing" light work "once she attained [advanced age]"); ECF No. 18 at 4 n.1 (arguing that "[a]gency regulation dictates she would be precluded from performing" light work "as of [advanced age]"); ECF No. 20 at 1 ("[T]he ALJ only assessed one job at step 5, a job [Quaintance] is precluded from performing as of [advanced age] by the Agency's Grid rules."); ECF No. 20 at 3 (arguing that "the Agency's Grid rules make clear she could not perform" light work "as of [advanced age] because the adjustment would be too great").

If this is what Quaintance is arguing, then she is mistaken. As the Grid Rules indicate, the agency contemplates that individuals of advanced age can be required to perform light work. For example, under Rule 203.12, individuals of advanced age with Quaintance's education and previous work experience who are limited to "medium work" are deemed not to be disabled. Agency regulations specifically state that "[i]f someone can do medium work, we determine that he or she can also do sedentary and light work." § 404.1567(c). Quaintance, of course, is not limited to medium work; she has no exertional limitation.

vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." *Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir. 1998). Quaintance claims that the ALJ's hypothetical was inadequate because it did not mention her advanced age.

Quaintance's objection is meritless. The Eighth Circuit has explained that an ALJ does not need to include the claimant's age in a hypothetical question if the vocational expert heard the claimant testify about her age during the hearing. *See Tucker v. Barnhart*, 130 F. App'x 67, 68 (8th Cir. 2005) ("Because the [vocational expert] was present when Tucker testified about her age, past work, and educational level, it was not necessary for the ALJ to specify those in his hypothetical[.]"). Here, the administrative record shows that the vocational expert was present during Quaintance's testimony about her age. AR at 46. The failure of the ALJ to include Quaintance's age in the hypothetical question thus does not entitle Quaintance to relief.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 20] and ADOPTS Judge Rau's R&R [ECF No. 19]. IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [ECF No. 14] is DENIED.

2. Defendant's motion for summary judgment [ECF No. 16] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 4, 2019 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge